ANGUS McKAY, Appellant, v. PETALUMA LODGE NO. 77, F. A. M., et al., Respondents.

No. 817; May 31, 1866.

**Ejectment.**—In Ejectment It is not a Good Plea "that the title of said plaintiff, if any he has, to said premises did not accrue within five years prior to the commencement of this suit, and that he has not been in possession thereof within five years prior to this suit."

APPEAL from Seventh Judicial District, Sonoma County.

E. A. Lawrence for appellant; Geo. Pearce for respondents.

CURREY, C. J.—Ejectment for a parcel of land in the town of Petaluma in Sonoma county. The plaintiff had judgment. The defendants moved for a new trial which was denied, and then appealed to this court.

The evidence before the court shows that in 1855 one Stephen C. Haydon had the land in question in his actual possession, and that in April of that year he conveyed by deed, all his right, title, interest, estate, claim and demand therein to one Alexander McKay who thereupon entered into the same. In August, 1856, Alexander McKay and one William R. Wells executed a deed conveying all their right, title and interest in the premises to the plaintiff, and thereafter the plaintiff used the property in connection with one Heber Gowen, who owned or was in possession of the adjoining lot of ground. The defendants allege in their several answers that the premises in dispute belonged to Gowen, under whom they claim to have acquired the right to the possession and use of the same. They also plead as a defense in bar ''that the title of said plaintiff, if any he has to said premises, did not accrue within five years prior to the commencement of this suit, and that he has not been in possession thereof within five years prior to this suit.'' If this was intended as a plea of the statute of limitations, then it is only necessary to say that it does not tender such an issue, as a reference to the statute will render apparent. We have examined the entire evidence, both documentary and parol, and find Haydon in the prior actual possession of the property recovered in this action, and that such property came by deeds of transfer to the plaintiff. It does not appear that he ever parted with his title to it. Nor does it appear that Gowen or the defendants ever acquired the right to its possession adversely to the plaintiff. We think the judgment right, and that it should be allowed to stand.

Judgment affirmed.

We concur: Sanderson, J.; Sawyer, J.; Shafter, J.; Rhodes, J.